**UNITED STATES DISTRICT COURT**       **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| BRUCE CRAIG and JULIE CRAIG, | § | |
| | § | |
| Appellants, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:07-CV-540 |
| | § | |
| PONDEROSA DEVELOPMENT, LP, | § | |
| AK/HA MANUFACTURING, LLC, | § | |
| AK INDUSTRIES, INC. and T. GIG | § | |
| DREWERY, | § | |
| | § | |
| Appellees. | § | |

## MEMORANDUM AND ORDER

Pending before the court is an appeal of a decision rendered by United States Bankruptcy Judge Bill Parker ("Judge Parker") granting Appellees Ponderosa Development, LP ("Ponderosa"), AK/HA Manufacturing, LLC ("AK/HA"), AK Industries, Inc. ("AK"), and T. Gig Drewery's ("Drewery") (collectively, "Appellees") Motion for Summary Judgment (#33) seeking a judgment declaring a deed of trust to be extinguished and directing Appellants Bruce Craig and his wife, Julie Craig (collectively, "the Craigs"), to execute a written release of said deed of trust. *See In re Ponderosa Development, LP*, No. 06-10210, Adv. No. 06-1030, 2007 WL 1556866 (Bkrtcy. E.D. Tex. May 25, 2007). Having reviewed the record, the submissions of the parties, and the applicable law, the court is of the opinion that the decision of the bankruptcy court should be affirmed.

## I.    Background

The relevant facts from which this appeal arises are admitted by all the parties. Ponderosa is the owner of certain real property, approximately 10.126 acres, located on or near Broussard

Road in Beaumont, Jefferson County, Texas (the "Property").  On May 31, 2000, Ponderosa

executed a promissory note (the "HPLP Note") in the amount of $48,833.25, payable to

Hendricks Place LP ("HPLP").  The HPLP Note was secured by a deed of trust (the "HPLP Deed

of Trust") of the same date, which was executed against the Property by Ponderosa in favor of

HPLP and was signed on behalf of Ponderosa by Drewery and Bruce Craig ("Craig"), then

presidents of Ponderosa's corporate general partners.  Among other provisions, the HPLP Deed

of Trust contains the following "dragnet" clause:

> 2.01.         INDEBTEDNESS.  The Indebtedness secured by this Instrument
> shall mean and include the following:
>
> (a) Any and all sums becoming due and payable pursuant to the [HPLP
> Note],
>
> (b) Any and all other sums becoming due and payable by Borrower to
> Lender as a result of advancements made by Lender pursuant to the terms
> and conditions of this Instrument or any other instruments securing or
> executed in connection with or otherwise relating to the [HPLP Note],
> including but not limited to the repayment of any future advance made by
> Lender to Borrower and the repayment of any sums advanced for the
> protection of Lender's security pursuant to section 3.01;
>
> (c) All other present or future indebtedness and liabilities of all kinds of
> Borrower to Lender, whether or not related to the Property, and whether
> fixed or contingent, joint or several, direct or indirect, primary or
> secondary, and regardless of how created or evidenced, but in no event
> shall this Installment secure payment of any installment loan or any open
> end line of credit established under Chapter 3, Chapter 4 or Chapter 15 of
> the Texas Credit Code;
>
> (d) Any and all renewals, exclusions and modification of the foregoing
> described indebtedness.

Regarding release, paragraph 6.01 of the HPLP Deed of Trust further provides that "[u]pon

payment of all sums accrued by this Instrument, Lender shall release this Instrument."

On or about May 31, 2002, HPLP transferred its interest in the HPLP Note and the HPLP Deed of Trust to Craig.  On such date, the principal balance outstanding on the HPLP Note was $2,522.20.  The parties agree that this amount and any accrued interest was paid in full on or about July 18, 2002.  At the time of payment, no other indebtedness existed between Craig and Ponderosa or between HPLP and Ponderosa.  Following satisfaction of the HPLP Note, however, Craig did not execute a release of either the HPLP Deed of Trust or the HPLP Note.

On July 18, 2003, the parties to this appeal, as well as other entities not parties to this case, entered into a Compromise and Settlement Agreement ("CSA") in an action then pending in state court.  *See Drewery v. Craig*, No. A-0165035 (58th Dist. Ct., Jefferson County, Tex., filed May 8, 2001).  Pursuant to the terms of the CSA, the parties to the state action executed a mutual release of all claims (the "Mutual Release").  Also in furtherance of the CSA, on October 10, 2003, Ponderosa, Aqua-Partners, Ltd., and Drewery executed a non-recourse promissory note (the "Non-Recourse Note") in the amount of $235,000, payable to Craig.  This note is secured by ownership in various entities held by Craig but transferred to Ponderosa and other related parties under the CSA.  Neither the Non-Recourse Note nor the CSA expressly states that the Non-Recourse Note is further secured by the HPLP Deed of Trust or any real property owned by Ponderosa.

Within a year of its execution, the signatories to the Non-Recourse Note became unable to make payments as they came due, and the note went into default.  As a result, Craig asserted a right to foreclose on the HPLP Deed of Trust against the Property and gave notice of his intention to do so.

Ponderosa filed a voluntary petition for bankruptcy relief on June 1, 2006.  Eighteen days later, on June 19, 2006, Ponderosa removed to this court three consolidated state court cases originally filed in the 60th and 136th Judicial District Courts of Jefferson County, Texas.  *See Ponderosa Dev. LP v. AK Indus.*, No. B-173268 (60th Dist. Ct., Jefferson County, Tex., filed Sept. 22, 2004); *Ponderosa Dev. LP v. Craig*, No. B-173342 (60th Dist. Ct., Jefferson County, Tex., filed Oct. 4, 2004); *Craig v. AK Indus.*, No. D-173294 (136th Dist. Ct., Jefferson County, Tex., filed Sept. 24, 2004).  This court referred the removed case, then Case No. 1:07-CV-333, to Judge Parker on June 28, 2006.  On October 16, 2006, Appellees filed an amended complaint against the Craigs, seeking  a declaration that the HPLP Deed of Trust was released upon payment in full of the HPLP Note and a judgment directing Craig to execute and deliver to Ponderosa a written release of the HPLP Deed of Trust to be filed in the public records of Jefferson County. The Craigs filed an answer to the amended complaint, denying the allegations stated therein.

On March 12, 2007, Ponderosa filed a motion for summary judgment, arguing that Appellees were entitled to the relief requested as a matter of law.  In their response, the Craigs contended that genuine issues of material fact existed regarding whether the HPLP Note had been paid in full and the intent of the parties at the time the HPLP Deed of Trust was executed.   On May 25, 2007, the bankruptcy court entered an order granting Appellees' motion for summary judgment.  The court found that the Craigs were barred from contesting that the HPLP Note was satisfied on or about July 18, 2002, having admitted such in their answer.  The court additionally held that the HPLP Deed of Trust was extinguished as a matter of law upon payment in full of the HPLP Note.

The Craigs filed a motion for a new trial on June 4, 2007, which was denied.  On June 28, 2007, the Craigs filed their Notice of Appeal.  On appeal, although conceding satisfaction of the HPLP Note, the Craigs contend that the bankruptcy court failed to consider alternate grounds of indebtedness upon which the HPLP Deed of Trust may be enforced.  Specifically, the Craigs argue that Judge Parker failed to consider the continued effect of the dragnet clause.  Appellees counter that the dragnet clause, like all other provisions in the HPLP Deed of Trust, was extinguished when the underlying note was paid in full.  Alternatively, they argue that the Non-Recourse Note was not within the reasonable contemplation of the parties when the HPLP Deed of Trust was executed.

II.    Analysis

    A.    Jurisdiction and Standard of Appellate Review

This court has jurisdiction of this appeal pursuant to 28 U.S.C. § 158(c)(2), which provides that an appeal from the bankruptcy court to the district court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts . . . ."  Therefore, "when reviewing a bankruptcy court's decision in a 'core proceeding,' a district court functions as a[n] appellate court."[1]  *In re Webb*, 954 F.2d 1102, 1103-04 (5th Cir. 1992).  In reviewing a decision of the bankruptcy court, Rule 8013 of the Federal Rules of Bankruptcy Procedure requires the court to accept the bankruptcy court's findings of fact unless clearly erroneous and to examine *de novo* the conclusions of law.  *See In re Soileau*, 488 F.3d 302, 305 (5th Cir. 2007); *Carrieri v. Jobs.com Inc.*, 393 F.3d 508, 517 (5th Cir. 2004); *In re*

---

[1] Core proceedings include "determinations of the validity, extent, or priority of liens." 28 U.S.C. § 157(b)(2)(K).

5

*Homeowners Mortgage & Equity, Inc.*, 354 F.3d 372, 375 (5th Cir. 2003); *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1307-08 (5th Cir. 1985).

        B.    <u>Summary Judgment Standard of Review</u>

        In the bankruptcy court, Ponderosa moved for summary judgment pursuant to Federal Rule of Bankruptcy Procedure 7056. That rule incorporates Rule 56(c) of the Federal Rules of Civil Procedure, which provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The parties seeking summary judgment bear the initial burden of informing the court of the basis for their motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which they believe demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006); *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003); *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002).

        Once a proper motion has been made, the nonmoving parties may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 322 n.3 (quoting FED. R. CIV. P. 56(e)); *Anderson*, 477 U.S. at 256; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.11 (1986); *EMCASCO Ins. Co. v. American Int'l*

*Specialty Lines Ins. Co.*, 438 F.3d 519, 523 (5th Cir. 2006); *Smith ex rel. Estate of Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003); *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 505 (5th Cir. 1999), *cert. denied*, 528 U.S. 1160 (2000).  "[T]he court must review the record 'taken as a whole.'"  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (quoting *Matsushita Elec. Indus. Co.*, 475 U.S. at 587); *see Riverwood Int'l Corp. v. Employers Ins. of Wausau*, 420 F.3d 378, 382 (5th Cir. 2005).

All the evidence must be construed "in the light most favorable to the non-moving party without weighing the evidence, assessing its probative value, or resolving any factual disputes." *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996); *see Reeves*, 530 U.S. at 150; *Lincoln Gen. Ins. Co.*, 401 F.3d at 350; *Smith*, 391 F.3d at 624; *Malacara*, 353 F.3d at 398; *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003); *Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 471 (5th Cir. 2001); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir.), *cert. denied*, 534 U.S. 951 (2001).  The evidence of the nonmovants is to be believed, with all justifiable inferences drawn and all reasonable doubts resolved in their favor. *Palmer v. BRG of Ga., Inc.*, 498 U.S. 46, 49 n.5 (1990) (citing *Anderson*, 477 U.S. at 255); *Shields v. Twiss*, 389 F.3d 142, 150 (5th Cir. 2004); *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003); *Martinez*, 338 F.3d at 411; *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 507 (5th Cir.), *cert. denied*, 540 U.S. 815 (2003); *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).  The evidence is construed "in favor of the nonmoving party, however, only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th

7

Cir. 1999); *accord Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Furthermore, "'only *reasonable* inferences can be drawn from the evidence in favor of the nonmoving party.'" *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 469 n.14 (1992) (emphasis in original) (quoting *H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*, 879 F.2d 1005, 1012 (2d Cir. 1989)).   "If the [nonmoving party's] theory is . . . senseless, no reasonable jury could find in its favor, and summary judgment should be granted." *Id.* at 468-69. The nonmovants' burden is not satisfied by "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,'" by speculation, by the mere existence of some alleged factual dispute, or "by only a 'scintilla' of evidence." *Little*, 37 F.3d at 1075 (quoting *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Matsushita Elec. Indus. Co.*, 475 U.S. at 586; *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082, 1086 (5th Cir. 1994)); *accord Warfield*, 436 F.3d at 557; *Boudreaux*, 402 F.3d at 540; *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).   "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown*, 337 F.3d at 541; *accord Hugh Symons Group, plc v. Motorola, Inc.*,  292 F.3d 466, 468 (5th Cir.), *cert. denied*, 537 U.S. 950 (2002); *see Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 332 (5th Cir. 2004); *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003).

C.      Deed of Trust

The issue presented to this court on appeal is whether the bankruptcy court properly held that the HPLP Deed of Trust, including the dragnet clause contained therein, was extinguished as a matter of law upon payment in full of the original underlying debt, the HPLP Note.

1.      Extinguishment Generally

An analysis of whether the HPLP Deed of Trust has been extinguished begins with a general overview of the effect of payment on a deed of trust.  Because property interests in bankruptcy are customarily determined by state law, Texas law must be consulted.  *See In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 329 n.9 (5th Cir. 2007) (citing *Butner v. United States*, 440 U.S. 48, 54 (1979)); *Barron v. Countryman*, 432 F.3d 590, 595 (5th Cir. 2005*)*; *In re Universal Seismic Assoc., Inc.*, 288 F.3d 205, 208 (5th Cir. 2002).

As noted by Judge Parker, Texas law does not view a deed of trust as property but, rather, as a security interest that protects the holder's right to payment of a debt.  *See City of Dallas v. Pfirman Corp.*, No. Civ. A. 399CVO312G, 2000 WL 159314, at *3 (N.D. Tex. Feb. 11, 2000) (citing *Svacina v. Gardner*, 905 S.W.2d 780, 783 (Tex. App.—Texarkana 1995, no writ)); *Texas Bank & Trust Co. v. Custom Leasing, Inc.*, 402 S.W.2d 926, 930 (Tex. Civ. App.— Amarillo 1966, no writ).  A deed of trust has "no legal effect apart from the debt or obligation which it is designed to secure."  *O'Dell v. First Nat'l Bank of Kerrville*, 855 S.W.2d 1, 4 (Tex. App.—San Antonio 1991), *rev'd on other grounds*, 856 S.W.2d 410 (Tex. 1993).  Consequently, under Texas law, a deed of trust is usually extinguished upon payment of the indebtedness which it was created to secure.  *In re Brown*, __ B.R. __, __, No. 05-46668, 2007 WL 2891984, at *2 n.3 (Bkrtcy. E.D. Tex. Sept. 28, 2007); *Zimmerman v. Littlejohn*, No. 05-01-00800-CV, 2002 WL 2005514,

at *6 n.5 (Tex. App.—Dallas 2002) (not designated for publication); *O'Dell*, 855 S.W.2d at 4; *Texas Bank & Trust Co. of Dallas*, 402 S.W.2d at 930; *Spencer-Sauer Lumber Co. v. Ballard*, 98 S.W.2d 1054, 1055 (Tex. Civ. App.—San Antonio 1936, no writ).   This extinguishment is complete even without a written release.  *Id*.

In the present appeal, the undisputed facts show that the HPLP Note, the debt underlying the HPLP Deed of Trust, was paid in full on or about July 18, 2002.  Therefore, Texas law would generally dictate that the HPLP Deed of Trust be viewed as extinguished as a matter of law as of July 18, 2002, irrespective of the Craigs' failure to execute a written release.  *See In re Brown*, 2007 WL 2891984, at *2 n.3; *Zimmerman*, 2002 WL 2005514, at *6 n.5; *O'Dell*, 855 S.W.2d at 4; *Texas Bank & Trust Co. of Dallas*, 402 S.W. 2d at 930; *Spencer-Sauer Lumber Co.*, 98 S.W.2d at 1055.  As the Craigs have noted, but which Judge Parker did not discuss, there is an exception to extinguishment that may be applicable if a deed of trust contains a future advance clause, more commonly known as a "dragnet" clause.

### 2.    Dragnet Clause Exception

Paragraph 2.01 of the HPLP Deed of Trust provides that the Property secures both the HPLP Note and the payment of future indebtedness and liabilities.  Texas law labels such a provision a future advance, or "dragnet," clause.  TEX. BUS. & COM. CODE § 9.204(c).  Texas courts do not recognize the enforceability of dragnet clauses unless the subsequent debt to be secured was reasonably within the contemplation of the parties to the deed of trust at the time it was executed.  *Moss v. Hipp*, 387 S.W.2d 656, 58-60 (Tex. 1965); *Wagner v. Compass Bank*, 170 S.W.3d 220, 224 (Tex. App.—Dallas 2005, no pet.); *see also In re Conte*, 206 F.3d 536, 538 (5th Cir. 2000); *Kimbell Foods, Inc. v. Republic Nat'l Bank of Dallas*, 557 F.2d 491, 495 (5th Cir.

10

1977), *aff'd*, 440 U.S. 715 (1979) (citing *Wood v. Parker Square State Bank,* 400 S.W.2d 898, 901 (Tex. 1966)).  If the requisite intent is found, however, courts have indicated that dragnet clauses will be given effect even as to indebtedness created after the debt originally underlying a deed of trust has been paid in full.  *Compare Cantrell v. Cawyer*, 162 S.W. 919, 921 (Tex. 1913) (holding mortgage extinguished upon satisfaction of promissory note and "not revived by a subsequent debt, not in contemplation of the parties when the mortgage was executed"), *with Kimbell Foods, Inc.*, 557 F.2d at 496 (finding instrument secured charges made on an open account after satisfaction of original promissory notes because such charges were within the parties' contemplation when the instrument was executed).

Noting this potential exception to extinguishment, both the Craigs and Appellees have proffered evidence that purportedly recites what the parties to the HPLP Deed of Trust subjectively understood the dragnet clause would secure.  In support of their motion for summary judgment, Appellees submitted a March 12, 2007, affidavit by Drewery, which states that Ponderosa did not anticipate that the HPLP Deed of Trust would survive payment in full of the HPLP Note or that it would secure debt to third party creditors.  Conversely, in support of enforcing the dragnet clause, the Craigs have proffered testimony given by Craig, in an August 4, 2005, state court hearing in which he stated that the parties understood that the Deed of Trust would secure all future liabilities, including the Non-Recourse Note.  The Craigs also direct the court's attention to portions of the July 18, 2003, CSA and the Mutual Release, which they argue bolster Craig's testimony.

Although this evidence initially appears to create a genuine issue of material fact as to what the parties contemplated when they drafted the dragnet clause found in the HPLP Deed of Trust,

11

Texas law precludes the court from turning to affidavits, testimony, or subsequent agreements when considering this issue.  Rather, the court is directed to look exclusively to the language of the deed of trust, unless ambiguous, to determine the intention of the parties at the time of its execution.  *In re Conte*, 206 F.3d at 538; *Kimbell Foods, Inc.*, 557 F.2d at 496.  "Consistent with the parole evidence rule, it is this written objective evidence of intent, not the parties' subjective understandings, that controls our analysis."  *In re Conte*, 206 F.3d at 538.

When interpreting the language of a deed of trust, Texas law dictates that the court be governed by the same rules of construction that apply to contracts.  *Sonny Arnold, Inc. v. Sentry Sav. Ass'n*, 633 S.W.2d 811, 815 (Tex. 1982); *Robinson v. Saxon Mortgage Servs., Inc.*, ___ S.W.2d ___, ___, No. 03-05-00676-CV, 2007 WL 2214439, at *2 (Tex. App.—Austin Aug. 1, 2007); *Adams v. First Nat'l Bank of Bells/Savoy*, 154 S.W.3d 859, 867 (Tex. App.—Dallas 2005, no pet.).  Terms should generally be given their plain and ordinary meanings.  *Id.*  Additionally, the court must "examine and consider the entire writing in an effort to harmonize and give effect to all provisions so that none will be rendered meaningless."  *Meisler v. Republic of Tex. Sav. Ass'n*, 758 S.W.2d 878, 883-84 (Tex. App.—Houston 1988, no writ); *see also Adams*, 154 S.W.3d at 867.

Applying these rules of construction to the HPLP Deed of Trust, the court finds that this instrument is reasonably susceptible to only one interpretation.  The dragnet clause found in the HPLP Deed of Trust explicitly secures "all other present or future indebtedness and liabilities of all kinds . . . regardless of how created or evidenced."  If the court were to consider this language in isolation, it might conclude that the Non-Recourse Note was within the reasonable contemplation of the parties at the time they executed the HPLP Deed of Trust.  When read in

conjunction with other provisions of this instrument, however, it becomes clear that the dragnet clause was not intended to secure future indebtedness created after the HPLP Note was paid in full.  In particular, Paragraph 6.01 of the HPLP Deed of Trust provides that "[u]pon payment of all sums accrued by this Instrument, Lender shall release this Instrument."  In order to give this provision any import, the court must read Paragraph 6.01 and the dragnet clause together to provide that the dragnet clause is effective only so long as there exists indebtedness between the parties.  Any other interpretation, allowing for revival of the dragnet clause following satisfaction of the original underlying debt, would render Paragraph 6.01 meaningless.  Moreover, such a reading of the HPLP Deed of Trust would be inconsistent with Texas precedent.  *See Cantrell*, 162 S.W. at 921 (indicating that similar mortgage term demonstrated parties' intent that mortgage was to be extinguished, without a possibility of revival, upon the payment of all debts owed to the mortgagee).

Consequently, based on the plain language of the HPLP Deed of Trust, the court concludes that the application of the dragnet clause to the Non-Recourse Note was not within the parties' contemplation at the time they signed the HPLP Deed of Trust.  As found by Judge Parker, the HPLP Deed of Trust was extinguished as a matter of law on July 18, 2002, upon satisfaction of the HPLP Note.

III.   Conclusion

The United States bankruptcy judge did not commit reversible error in granting Appellees' motion for summary judgment.  There remain no material facts in dispute, and Appellees are entitled to judgment as a matter of law.  Accordingly, the opinion of the United States Bankruptcy Court for the Eastern District of Texas in the above-styled matter is AFFIRMED.

SIGNED at Beaumont, Texas, this 8th day of November, 2007.


_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE